IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TONI L. COLE                                                        PLAINTIFF

v.                                            Civil No. 1:14-cv-01005

SHERIFF MIKE MCGOUGH;
and CAPTIAN MITCHAM                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Toni Cole pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record she is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

1.     **BACKGROUND**

Plaintiff filed her Complaint on January 21, 2014. ECF No. 1. In her Complaint, Plaintiff claims Defendants violated her constitutional rights by delaying her follow up medical care after a visit to the emergency room for a sprained wrist, subjected her to unclean prison conditions, and informed her she would have to pay for the medical care she received at the emergency room. At the time she filed her Complaint, Plaintiff was incarcerated in the Union County Detention Center ("UCDC").

On May 15, 2014, the Court received mail sent to Plaintiff at the UCDC returned as undeliverable mail and marked "Not here." On June 9, 2014, the Court again received mail sent to Plaintiff at the UCDC returned as undeliverable mail and marked "Not here." In response to these two returns the Court conducted a search and determined Plaintiff had not been transferred to the Arkansas Department of Corrections. Accordingly, on June 18, 2014, the Court changed Plaintiff's address of record to the home address she provided to the UCDC when she was booked. ECF No. 15. No mail sent to Plaintiff at her home address has been returned as undeliverable mail.

In the Court's initial filing Order, Plaintiff was advised that she was required to immediately inform the Court of any change of address and failure to do so would subject this matter to dismissal. ECF No. 3. In the Court's Order changing Plaintiff's address, Plaintiff was reminded that it is her obligation to keep the Court informed of her current address and failure to do so would subject this matter to dismissal. ECF No. 15.

Defendants filed a Motion for Judgment on the Pleadings on June 10, 2014. ECF No. 12. Plaintiff did not respond.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal

Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3.   **DISCUSSION**

Plaintiff has failed to comply with the Court's initial filing Order by failing to keep the Court informed of her current address. Further, Plaintiff has completely failed to prosecute this matter. Plaintiff has done nothing past filing her Complaint and *in forma pauperis* application. Plaintiff filed these documents in January and February 2014 and has not communicated with the Court since. ECF No. 1, 6. Additionally, Plaintiff did not respond to Defendants' Motion for Judgment on the Pleadings. The Court presumes that Plaintiff has received all mailings sent to her

current address of record as these mailings have not been returned as undeliverable.

While Plaintiff has failed to comply with at least one Court order and failed to prosecute this matter, the Court cannot find a clear record of delay or contumacious conduct. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4.     **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5th day of February 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE